UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                              )
                                    )
    KHANH VIET NGUYEN              )    Case No. 11-14125-BFK
    RANDI CAM TRINH                )    Chapter 7
                                    )
    Debtors                        )

## MEMORANDUM OPINION

This matter comes before the Court on the Chapter 7 Trustee's Objection to the Debtors' Claim of Exemptions (Docket No. 13), and the Debtors' Opposition and Motion for Leave to Amend Schedule C (Docket No. 16). The Court finds that the subject of the Trustee's Objections, the Debtors' 2006 Honda Odyssey and $1,733 in a Met Life 20 year term insurance policy (together, the "Amended Exemptions"), have not been properly exempted under the applicable Virginia homestead statutes.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334, and the Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(B).

The facts are straightforward and not in dispute. The Debtors filed their Voluntary Petition on June 2, 2011. The first meeting of creditors was held on July 11, 2011. The Trustee objected to the Debtors' claim of homestead exemptions on August 9, 2011, within the 30 days provided by Bankruptcy Rule 4003(b)(1) (Docket No. 13). The first basis for the Trustee's Objection is that the Debtors claimed an exemption under Schedule C that is more than that allowed under Virginia Code 34-26(8). More fundamentally, however, the Trustee objects on the ground that the Debtors' Amended

Homestead Deeds listing the 2006 Honda Odyssey and the insurance policy were not filed within five days after the first meeting of creditors was held, as required by Virginia Code 34-17.

The Debtors acknowledge that the Amended Homestead Deed, listing the 2006 Honda Odyssey and the insurance policy, were not filed until August 9, 2011. Debtors' Opposition, Exhibit A (Docket No. 16). The Debtors argue that the failure to timely file the homestead deed was the result of unfortunate circumstances involving their move from their home, and their inability to communicate with counsel during that period of time. The Debtors request relief from this error pursuant to Bankruptcy Rule 9024 (incorporating Fed. R. Civ. P. 60(b)). As more fully discussed below, however, Rule 60(b) is inapplicable to a claim of exemptions under Virginia law, and cannot afford the Debtors relief.

**Discussion**

Virginia has "opted out" of the exemption scheme provided by Bankruptcy Code Section 522. Va. Code 34-3.1. Although the exemptions are to be construed liberally in favor of the Debtor, the procedural requirements of claiming the exemption are strictly construed. *In re Stoney,* 445 B.R. 543 (Bankr. E.D. Va. 2011), citing *In re Jackson*, 2001 Bankr. LEXIS 525 (Bankr. E.D. Va. Mar. 30, 2001).

The Fourth Circuit Court of Appeals has held, in a case similar to this one, that where Congress allowed the States to specify bankruptcy exemptions, it permitted the States to determine both the substance of those exemptions and the procedure by which they are claimed. *Mayer v. Nguyen (In re Nguyen),* 211 F.3d 105 (4th Cir. 2000); citing *Zimmerman v. Morgan*, 689 F.2d 471, 472 (4th Cir. 1982). Although the *In re Nguyen*

2

opinion involved a prior version of Virginia Code 34-17, under which the homestead deed was required to be filed on before the 5th day after the meeting of creditors was initially set (in 2005, this was amended to when the meeting of creditors is "held"), the Court finds this to be a distinction without a difference for purposes of this case. Indeed, Virginia Code 34-17 requires that the homestead deed be filed "or before the fifth day after the date of the meeting held pursuant to 11 U.S.C. § 341 in the Chapter 7 case, *but not thereafter"* (emphasis added), thereby evidencing the intent of the legislature that the time for filing the homestead deed cannot be extended beyond the five days.

The Court accepts the Debtors' explanation for the failure to timely file their homestead deeds. The Court further acknowledges that Debtors' counsel was prompt and diligent in responding. However, the Court is aware of no authority applying Rule 60(b) to the timeliness of the filing of a homestead deed under Virginia law, and in fact, the Fourth Circuit has ruled the opposite in the *In re Nguyen* case. Accordingly, the Court is constrained to disallow the Amended Exemptions.

## Conclusion

For the foregoing reasons, the Court sustains the Trustee's Objections to the Amended Exemptions, and denies the Debtors' Motion for leave to amend. The Trustee is requested to submit an Order to the Court, consistent with this Memorandum Opinion.

Date: _____

Brian F. Kenney
United States Bankruptcy Judge

3

Copies to:

Due Hau Tran, Esquire
DHTLAW, PLLC
6521 Arlington Boulevard
Suite 401
Falls Church, VA   22042
Counsel for the Debtors

Kevin R. McCarthy, Esquire
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA   22102
Chapter 7 Trustee